MORRIS FELDSTEIN and Another, Copartners, Trading under the Firm Name and Style of MORRIS FELDSTEIN & SON, on Behalf of Themselves and All Other Creditors of ALEXANDER FUSCO, Appellants, *v.* ALEXANDER FUSCO and Another, Respondents.

Third Department, June 19, 1923.

Sales — sale in bulk in fraud of creditors — sale of truckload of retail leather dealers' supplies, constituting entire shipment, by purchaser is sale in bulk and not in ordinary course of trade — sale is void.

A sale of a truckload of retail leather dealers' supplies, which constituted an entire shipment to the seller, who was a retail leather dealer, which sale was not made by items, is a sale in bulk within the meaning of section 44 of the

Personal Property Law, and was not made by the seller in the ordinary course of trade and in the regular prosecution of his business and was void as to creditors under said section.

Furthermore, the evidence shows that the purchaser was guilty of participating in a fraud in buying the truckload of supplies.

APPEAL by the plaintiffs, Morris Feldstein and another, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of Warren on the 8th day of March, 1923, upon the decision of the court rendered after a trial before the court, a jury having been waived, as adjudges that two certain sales of leather made by the defendant Alexander Fusco to the defendant Frank Peters were valid and not void as against the creditors of said Alexander Fusco, and adjudges that the complaint be dismissed as to said two sales and as to the second cause of action stated therein.

*Chambers & Finn* [*Walter A. Chambers* of counsel], for the appellants.

*Jenkins, Barker & Metzner* [*John H. Barker* and *James Mc-Phillips* of counsel], for the respondent Frank Peters.

HASBROUCK, J.:

Alexander Fusco had maintained at St. Johnsville, N. Y., for some time prior to June 25, 1921, a shoemaker's repair shop. During the time he owned and conducted such shop and on June thirteenth he went to New York and purchased certain shoemakers' findings of Morris Feldstein & Son and had them shipped to his place of business.

In the month of June too he purchased a bill of goods from L. Silberman & Sons for $500 and had it shipped to St. Johnsville, and later on June eleventh he purchased a bill of goods amounting to $750.80, and had that shipped to St. Johnsville; on July twelfth he purchased another bill of goods for $967.24, to be shipped by the Hudson Navigation Company to Albany and to be taken to St. Johnsville. The amount of the purchase price of the goods purchased from Silberman & Sons remaining unpaid was $1,618.04.

On the last-mentioned day he purchased of Morris Feldstein & Son bills to the amount of about $1,100, and on July fourteenth he owed Feldstein & Son $1,430.16, having paid but $100 on account.

Prior to July fourteenth Fusco had also bought of J. M. Delaney & Co. $727 worth of goods and that company was a creditor in that amount of Fusco. The sale must have been made during the ownership of Fusco of the St. Johnsville store for certain of the Delaney goods were found there. The witness Reilley was at St.

Johnsville July nineteenth and there saw in the express office goods consigned by Peters to himself at Glens Falls of the value of $500, and being goods sold by Feldstein, Silberman and Delaney.

The purchases made by Fusco in New York on July twelfth had not been taken to St. Johnsville. Fusco took them from the Hudson Navigation Company at Albany directly to Glens Falls on a truck and there he sold the truckload to his brother-in-law, Peters.

The principal inquiry on this appeal is whether that sale under section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507), known as the Bulk Sales Act, was a void sale. In order to hold the sale to Peters void it seems necessary that the evidence should establish two propositions:

1. That it was in bulk.

2. That it was not made in the ordinary course of trade and in the regular prosecution of said business.

The business which Fusco had been carrying on was that of a repair shop and retail sales shop of cobblers' supplies at St. Johnsville. What his business was prior to and at the time he made his purchases we do not know except as Fusco represented it to the plaintiffs. He disappeared after the sale of the truckload to his brother-in-law. The plaintiffs remain uncontradicted as to what the character of his business was. Fusco said as to the disposition he was to make of the July twelfth purchase of Feldstein: " Well, I have got a brother-in-law in Glens Falls to help me out, he has a pretty good shoe repair shop and I have got shoe repair shop of fair size and we use a lot of leather between us and we sell to finders around, go around with an automobile peddling the leather out. * * * He was supplying shoemakers, selling them their needs."

Silberman swears Fusco said " he was to canvass the trade in that [the St. Johnsville] section and market his merchandise which he had come to New York to purchase." Again, Mr. Fusco " would deliver the stuff to St. Johnsville and canvass the trade and attempt to sell the merchandise from that place."

Silberman, a leather dealer, swears: "A retail dealer in the leather trade is a dealer who markets his merchandise to the cobbling trade."

The witness Bruno, who introduced Fusco to Silberman, swears: " He said he had a partner, a brother-in-law of his by the name of Peters, he was going to be his partner. They were going to do a fine leather and findings business between Glens Falls and St. Johnsville, * * * they were going to buy an automobile truck and go to peddling to different cobblers."

Besides this testimony we have the fact that on July fourth Fusco endeavored to sell leather to V. Del Signore, and later Peters

sold for Fusco $200 worth of the truckload he brought to Glens Falls June twenty-fifth, and Peters purchased the rest of the load for $300. Both Peters and Del Signore were sellers of cobblers' supplies.

It is reasonably apparent from the foregoing testimony that the business of Fusco in June, 1921, and until he disappeared was what he said it was, trading in leather findings and supplies for cobblers, and when so engaged he was " in the regular prosecution of said business." The fact that he sold his store does not seem to me to be controlling. He maintained a truck for the business and evidently used his brother-in-law's shop at Glens Falls to house his stock.

The only question remaining is whether the sale made by him to Peters on July thirteenth of the truckload was a sale in bulk. If it had been of a cargo of a vessel it would have been a sale in bulk.

The cargo of a truck it seems to me if substantial in size and value would require no different rule. The meaning of the words " in bulk " may probably be best understood by saying that sales in " parcels," " packages " and " barrels " are not sales in bulk. A sale in bulk is made where separating, counting, measuring, weighing or dividing in parcels, packages or barrels does not take place but where the mass and the heap are sold as one. (9 C. J. 1003.)

The court has held the defendant Peters guilty of participating in a fraud in buying the stock and business of Fusco at St. Johnsville. Peters had never been to St. Johnsville; he took a bill of sale showing that he paid $1,800, and swore upon the trial that the consideration was $800. Once involved in the fraudulent conduct of his brother-in-law he presents no semblance of innocence when he purchased the truckload of the plaintiffs' property from his dishonest brother-in-law. We cannot without holding our noses sense anything but fraud on the part of Fusco and participation in it by Peters.

The judgment should be modified to contain a provision that the sale of July 12, 1921, was a void sale, and as so modified affirmed, with costs.

Present — H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HASBROUCK, JJ.

Judgment modified to contain a provision that the sale of July 12, 1921, was a void sale, and as so modified unanimously affirmed, with costs. The court disapproves of findings of fact 15 and 16; and finds that the said sale of a truckload of leather referred to

in finding 15 was not made in the ordinary course of business and the regular prosecution of the business of the seller. The court also finds that the sale by the defendant Fusco to the defendant Peters on or about the thirteenth or fourteenth of July of a truckload of leather brought by the defendant Fusco to Glens Falls from Albany was void as against the creditors of the defendant Fusco. Order to be settled before HASBROUCK, J.