**JUBAS v. SAMPSELL.**

No. 12524.

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1950.

Gendel & Raskoff, Los Angeles, Cal., for appellant.

Craig, Weller & Laughan, Los Angeles, Cal. (Thomas S. Tobin, Los Angeles, Cal., of counsel), for appellee.

STEPHENS, Circuit Judge.

The court's Findings of Fact are to the following purport and are unquestioned:

[■] A copartnership composed of Gene Fagan and Leo G. Olson was conducting a retail shoe business under the fictitious name of Fashion Bootery. The copartnership was adjudged a bankrupt and plaintiff-appellee thereafter became Trustee in Bankruptcy. While yet solvent, the copartnership sold 1240 pairs of shoes which were of broken sizes and out of style. They had cost between $5.25 and $8.25 per pair and defendant-appellant purchased them for their then value of $1.00 per pair. This purchase and sale constituted 25% of the number of pairs of shoes and 15% of the value of the then held stock in trade. Prior to the sale "all available attempts to sell said shoes in the ordinary retail method of separate pairs of shoes to individual customers had been unsuccessful." The firm "had been unable to obtain any higher or better offer for said shoes than $1.00 per pair, which was offered by defendant herein."

The California Bulk Sales Law, § 3440 of the Civil Code of California, provides that a sale in bulk of a substantial part

of a stock in trade "otherwise than in the ordinary course of trade and in the regular and usual practice and method of business of the vendor * * * will be conclusively presumed to be fraudulent and void as against existing creditors * * *", unless a seven days' notice of intention is recorded with the county recorder. No such notice was recorded. Fagan and Olson were declared bankrupt and the Referee brought timely suit to recover on behalf of the bankrupt estate. The district court held that the goods sold constituted a substantial part of the stock in trade and that it was conclusively fraudulent, and gave judgment for the value of the 1240 pairs of shoes at $1.00 per pair. Defendant appeals.

The sole question here is whether in the circumstances the court erred by holding that the sale was conclusively fraudulent because § 3440 of the Civil Code of California was not complied with.

Appellant claims that the sale was in regular and usual practice and method of business of the vendor and that the merchandise which was the subject of the sale was not a substantial part of the vendor's stock in trade. We are of the opinion that these claims cannot be sustained. The "regular and usual practice and method of business of the vendor" cannot be measured by a prevalent custom of merchants which the vendor followed. The vendors herein were retail shoe merchants whose regular and usual practice and method of business was selling shoes to those who came into the store to buy from the stock in trade for wear.

The plain meaning of the statute is that when a storekeeper disposes of a substantial part of his stock in trade in bulk, and selling in bulk sales is not the usual and ordinary way in which he conducts his business from day to day, the sale falls within the statute.

The Findings of Fact to the effect that the shoes in suit were in the stock in trade and constituted 25% in quantity and 15% in value of the whole stock supports the conclusion that the part sold

was a substantial part of the whole. See Schainman v. Dean, 9 Cir., 1928, 24 F.2d 475 and Markwell & Co. v. Lynch, 9 Cir., 1940, 114 F.2d 373, 375.

Affirmed.