LOUIS STERNBERG, as Trustee in Bankruptcy of HAROLD B. FINK, Doing Business under the Name of DELAWARE BOOTERY, Appellant, *v.* JACK RUBENSTEIN, Respondent.

Fourth Department, October 31, 1951.

Donald S. Day for appellant.

Victor Levine and Benjamin M. Gingold for respondent.

Per Curiam. The ordinary course of trade and business of the bankrupt was the sale of shoes at retail. We think the sale of 1,294 pairs of shoes which represented at least one sixth of his stock on hand, in money value, constituted a sale " in bulk ", " otherwise than in the ordinary course of trade and in the regular prosecution of said business " within the language and intent of section 44 of the Personal Property Law. The definition of the words, " in bulk " in *Feldstein* v. *Fusco* (205 App. Div. 806) was adequate for the facts in that case but too narrow to be applied generally, or the intent and purpose of the statute would be destroyed. To say that a retail shoe dealer may take the transaction out of the language and intent of the statute by " separating " and " counting " the number of shoes he sells to another dealer, when the sale constitutes a large percentage of his stock, would permit any seller and purchaser to defeat its purpose. In the absence of direct authority in our appellate courts to the contrary, the decisions in *Jubas* v. *Sampsell* (185 F. 2d 333, 334) and *Irving Trust Co.* v. *Rosenwasser* (5 F. Supp. 1016) are very persuasive in view of the fact that the sale in both of those cases was very similar to the sale here under consideration. We think we should adopt that part of the decision in the *Jubas* v. *Sampsell* case wherein the court said: " The ' regular and usual practice and method of business of the vendor ' cannot be measured by a prevalent custom of merchants which the vendor followed. The vendors herein were retail shoe merchants whose regular and usual practice and method of business was selling shoes to those who came into the store to buy from the stock in trade for wear."

The Official Referee having made no findings of fact, except a finding that the transaction between the bankrupt and the

defendant was in the ordinary course of business requires this court to reverse that finding and to make the following findings of fact:

1. On May 4, 1949, the bankrupt sold to the defendant 1,294 pairs of shoes at an agreed price of $3,549.50 and the bankrupt received payment in full as agreed in the terms of sale.

2. The sale was in bulk and not in the ordinary course of trade or in the regular prosecution of the bankrupt's business.

3. The parties did not comply with the requirements of section 44 of the Personal Property Law as to preparation and verification of a list of creditors or notice to such creditors of the bankrupt.

4. There were certain creditors of the bankrupt on May 4, 1949, who were also creditors at the time he filed his petition in bankruptcy.

The plaintiff is entitled to judgment that the defendant is a receiver for the said creditors of the bankrupt who were creditors on May 4, 1949, and is directed to render to the plaintiff a just and full accounting of the merchandise purchased from the bankrupt on that date.

The proceedings are remitted to the Special Term, Erie County to take such further proceedings as are necessary to carry out the decision here made.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and PIPER, JJ.

Judgment reversed on the law and facts, with costs and judgment directed in favor of the plaintiff in accordance with the opinion, and matter remitted to the Special Term, Erie County, for further proceedings. Certain finding of fact disapproved and reversed and new findings made.