### DAVIS v. LAWRENCE–CEDARHURST BANK.

No. 22610.

United States Court of Appeals Second Circuit.

Motion Submitted July 17, 1953.

Decided Aug. 6, 1953.

Conklin & Bentley, New York City, for appellant, Edward S. Bentley, New York City, of counsel.

Max Schwartz, Brooklyn, N. Y., for appellee, William J. Rudin, Brooklyn, N. Y., of counsel.

Before CHASE, Chief Judge, and SWAN and CLARK, Circuit Judges.

PER CURIAM.

In an opinion adverse to the appellant, filed May 20, 1953, 204 F.2d 431, we referred to Sternberg v. Rubenstein, 279 App. Div. 30, 108 N.Y.S.2d 218, and said: "We

believe the Sternberg case represents the correct interpretation of the statute and think it decisive of the case at bar." [204 F.2d 433.] Unknown to counsel or the court, the decision of the Appellate Division had been reversed shortly before our opinion was rendered. Sternberg v. Rubenstein, 305 N.Y. 235, 112 N.E.2d 210, 212. Before counsel for the appellant became aware of such reversal the time within which our Rules permit a petition for rehearing to be filed had already passed and our mandate had gone down. He thereupon made the present motion for recall of mandate and for leave to petition for a rehearing and reargument.

If we thought that reversal of the Appellate Division's decision in the Sternberg case proved that we had misinterpreted the New York law, we should not hesitate to grant the motion despite its untimely presentation. We relied on the Sternberg decision for its rejection of the view that "bulk" (as used in the Bulk Sales, McK.Consol.Laws, c. 41, Personal Property Law N.Y. § 44, and Bulk Mortgage Acts) refers only to merchandise that is not separated from the mass, nor counted, weighed or measured. The Court of Appeals' reversal makes no mention of this portion of the lower court's opinion; the reversal was on another ground from that on which we relied. In the Sternberg case the record showed that in the retail shoe business the sale of "off-season" wares was customary and, as the Court of Appeals put it, an "established operating pattern". Hence the sale under attack was held to be "in the ordinary course of trade and in the regular prosecution of said business." No comparable customary practice was proved to exist with respect to mortgaging the goods involved in the case at bar; nor were they shown to be "off-season" or outmoded merchandise. On the contrary, they were selected in order to give a value of about $7,500 as collateral for the $6,000 loan, and were evidently currently salable at retail. Indeed, some of the mortgaged items were sold while the mortgage was outstanding. On their facts the two cases are obviously distinguishable.

As alternative relief the movant asks that our mandate be recalled and stayed pending application for a writ of certiorari. A recall and stay is not needed to enable the appellant to apply for a writ. What it needs is a stay of collection by the trustee in bankruptcy until the Supreme Court can pass on the petition for a writ. An application for such a stay can be made to the bankruptcy judge and before he has had an opportunity to pass upon it, there is no reason for us to intervene. Motion denied.