**V. J. REED as Trustee in Bankruptcy for Dorothy Penny Hansen, dba Porter's Apparel and Ski Shop, Plaintiff,**

v.

**ANGLO SCANDINAVIAN CORPORATION, Defendants.**

Civ. S–781.

United States District Court
E. D. California.
March 12, 1969.

Thomas McCampbell, Chico, Cal., Milton Maxwell Newmark, Lafayette, Cal., for plaintiff.

Evans, Jackson & Kennedy, Sacramento, Cal., for defendant.

## AMENDED MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is an action under section 70e of the Bankruptcy Act by the trustee to avoid the bankrupt's prior transfer of property.

On May 7, 1967, Dorothy Penny Hansen (hereinafter the debtor), proprietor of Porter's Apparel and Ski Shop, sold

an assortment of skis and ski boots to the defendant, Anglo Scandinavian Corporation. In the Fall of 1967 the debtor was adjudged bankrupt. The trustee now moves for summary judgment. The defendant opposes this on the ground that there are still issues of fact to be determined.

Section 70e(1) of the Bankruptcy Act provides:

A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

Plaintiff trustee here alleges that the sale of merchandise to defendant is void under the provisions of the California Commercial Code annulling certain bulk transfers. If the trustee can prove that this was a "bulk transfer," void under California law, he will prevail in this action.

California Commercial Code § 6105 provides that a "bulk transfer" is fraudulent and void against any creditor of the transferor unless the transferee gives the required statutory notice to creditors. A "bulk transfer" is "any transfer in bulk and not in the ordinary course of the transferor's business of a *substantial part of the* materials, supplies, merchandise, or other *inventory* * * * of an enterprise subject to this division." [emphasis added] Cal.Com. Code § 6102(1) (West 1964). Being a retail merchant, the debtor in this case was subject to the law. Cal.Com.Code § 6102(3) (West 1964).

A perusal of the memoranda and affidavits of the parties discloses that there is no genuine disagreement as to any fact necessary for plaintiff's recovery except what proportion of the total inventory was transferred.[1] Plaintiff

---

1. Defendant incorrectly insists that there are other issues of fact to be determined:

1.) Insolvency of the debtor at the time of transfer. (While pleaded in the com-

sets the percentage at "approximately 7.5 per cent." Defendant offers to prove that the transfer was of "less than 5 per cent" of the total inventory. The parties also disagree about what constitutes "a substantial part of the inventory of an enterprise" under the bulk transfer law. Plaintiff argues that since, according to the debtor's testimony, the transfer was of about 50 per cent of the ski boot inventory, it was a transfer of "a substantial part of the inventory." Defendant rejoins that the proper measure is the percentage of the whole inventory of the enterprise not the percentage of the particular item transferred.

Surprisingly, there are few cases construing the words "substantial part of the inventory." It is indisputable, however, that to be "substantial" the proportion transferred need not be 50 per cent or even close to 50 per cent. The Uniform Commercial Code uses the words "major part." The California Commercial Code substituted the words "substantial part" to preserve prior California law.[2] In California as little as 6.3 per cent,[3] 15 per cent,[4] and 16 per cent [5] of the total inventory have been held to constitute a "substantial part" within the meaning of this section. The cases [6] also illustrate that the proper gross measure is the entire inventory and not as plaintiff suggests: the proportion of the specific item transferred.[7]

It is undisputed that the purchase price of the merchandise transferred to defendant was $5,489.64. I have concluded that plaintiff is entitled to summary judgment in this amount.

While it is true that the total value of the debtor's inventory at the time of transfer (and thus the exact percentage which was transferred) is still in dispute, that does not preclude summary judgment in this case. In the first place, it is likely that there will never be a more accurate determination of the inventory.[8] Secondly, I have concluded that even taking the defendant's estimate—less than

plaint, it is superfluous—section 70e transfers need not be made during insolvency to be voidable.) 2.) Whether the transfer was "in the ordinary course of business" since allegedly customary in the trade. (This contention was laid to rest by the 9th Circuit in Jubas v. Sampsell, 185 F.2d 333, 334 (9th Cir. 1950).)

2. Bohn and Williams, California Code Comment to Commercial Code § 6102 (West 1964).

3. Markwell & Co. v. Lynch, 114 F.2d 373 (9th Cir. 1940).

4. Jubas v. Sampsell, 185 F.2d 333 (9th Cir. 1950).

5. Schainman v. Dean, 24 F.2d 475 (9th Cir. 1928).

6. The three cases cited *supra*, notes 3–5, are the only ones I have found construing "substantial part of the inventory."

7. Common sense also indicates that plaintiff's suggestion cannot be right. According to his view if the debtor in this case had instead sold her entire supply of Chap Stick, worth say $20, that would be voidable as a bulk transfer even if the ski shop's total inventory was $100,000. The bulk transfer law clearly does not contemplate such a result.

8. The unaudited financial statements in the file indicate that as of December 31, 1966, the business's inventory was $137,000. For the ten-month period ending December 31, 1966, cost of goods sold averaged $10,700 per month. Projected purchases for the period April 1967 to September 1967 were $17,600. Inventory on hand on March 31, 1966, was $82,000. Although not necessary for this decision, a reasonable projection of inventory as of May 7, 1967, based on these figures, indicates that pegging the transfer at about 5 per cent of inventory is not unreasonable. In an affidavit Herbert Kahn, who sold the store to the debtor in March 1966 and bought it back at the trustee's sale in November 1967, estimates the inventory at the time of transfer to be $80,000. This led to plaintiff's estimate of 7.5 per cent. I do not know how defendant arrived at its figure, but I am convinced that a trial would not perceptibly narrow the range of possibilities.

5 per cent—the dollar amount of the transfer brings it within the meaning of the bulk transfer law.

▮ The major purpose of these bulk transfer statutes is to afford the merchant's creditors an opportunity to satisfy their claims before the merchant can transfer his assets to a bona fide purchaser and vanish with the proceeds of the sale.[9] In Markwell v. Lynch, supra, the court held that a transfer of as little as $600 or 6.3 per cent of the total inventory was a bulk transfer. Where the interests of creditors are involved, the dollar amount of the transfer is relevant in assessing the potential damage to creditors.[10] Thus, in this case where the amount of the transfer, $5,489.64, is sufficient to prejudice the interests of creditors to a substantial degree, I hold that a sale in the vicinity of 5 per cent of the total inventory is a transfer of "a substantial part of the inventory" and is subject to the bulk transfer provisions.[11] Since there was no statutory notice given to creditors, the transfer is void under California law [12] and voidable by the trustee in bankruptcy under section 70e of the Bankruptcy Act. There being no further genuine issue as to any material fact, the plaintiff trustee is entitled to a summary judgment. Fed.Rule of Civil Proc. 56(c).

It is therefore ordered that plaintiff's motion for summary judgment be granted and that judgment in this case be rendered for the plaintiff in the amount of five thousand four hundred eighty-nine dollars and sixty-four cents ($5,-489.64).

9. Ring, Bulk Sales Problems in California, 42 California Law Review 579 (1954) (citing comment to the Uniform Commercial Code).

10. From an examination of the financial records in the file, it can be said that a bulk transfer of this size had a significant effect on the business's financial profile. So in that sense also it was a "substantial" transfer of assets.

11. Future business transactions will not be prejudiced by this holding if the transferor is on solid financial ground. The law does not prohibit any bulk transfers so long as the proper notice is given to creditors. Cal.Com.Code §§ 6105 & 6107 (West 1964 & Cumulative Supplement 1968). That is not an inordinate burden.

12. Cal.Com.Code § 6105 (West 1964).