## BARBER v. COIT.

(Circuit Court of Appeals, Sixth Circuit. March 16, 1906.)

No. 1,475.

1. FRAUDULENT CONVEYANCES—SETTING ASIDE—CONSTRUCTIVE FRAUD.

Under Rev. St. Ohio, § 6343, as amended April 26, 1898 (93 Ohio Laws. p. 290). providing that transfers by a debtor with intent to hinder, delay, or defraud creditors shall be declared void at the suit of any creditor, the intent to prefer is made constructively fraudulent, rendering the transfer voidable, and it is not necessary, in order to set aside a transfer, that actual fraud or intent to defraud be shown.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 8, 369.]

2. BANKRUPTCY—PROVABLE CLAIMS.

Where a sale by an insolvent, the proceeds of which were used to pay in full certain creditors, was set aside as constructively fraudulent as to other creditors, the vendee had a valid claim against the insolvent's trustee for the full amount of the money he had paid, less the expenses of setting aside the sale.

Appeal from the District Court of the United States for the Northern District of Ohio.

I. T. Siddall, for appellant.

R. F. Denison, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This is a petition for review in a bankruptcy case. One Leroy H. Payne, being insolvent, sold and conveyed his farm, the personal property on it, and a stock of eggs in storage to his brother-in-law, James B. Coit, the appellee, for $6,015, which he used to pay in full certain creditors, principally relatives, leaving many creditors unpaid. One of the latter brought suit in the state court to set the sale aside, alleging it was without consideration, and made for the purpose of defrauding creditors. In this suit, the sale was set aside on the ground that it was made with intent to prefer certain creditors. In the meantime, Payne had been adjudicated a bankrupt. After the sale was set aside, and Coit thus deprived of the property, he presented a claim for the money he had paid Payne, which the latter had used in payment of his creditors, asking to be subrogated to their rights. This claim was resisted by the trustee, twice disallowed by the referee, and twice allowed by the court below (reversing the referee), which held the claim valid and directed its payment subject to a reduction of the amount expended by the trustee in setting aside the sale to Coit. It was and is insisted that the judgment of the state court, setting aside the sale, is res adjudicata, and should be held to estop the allowance of this claim.

When the case came here before, we sent it back for proof of the pleadings in the case before the state court, in order that the decree of that court might be examined in connection therewith. We have now before us the pleadings and decree of that court, and certain testimony taken below. The suit in the state court was one under section 6343, Rev. St. Ohio, as amended April 26, 1898 (93 Ohio Laws, p. 290). In order to set aside a transfer under this section, it is not necessary that actual fraud, or intent to defraud, be shown. The intent to prefer is made constructively fraudulent and renders the transfer voidable. Bobilya v. Priddy, 68 Ohio St. 373, 385, 67 N. E. 736. Such a transfer was not fraudulent at common law. Cross, Trustee, v. Carstens, 49 Ohio St. 548, 566, 31 N. E. 506. It is not malum in se, but merely malum prohibitum. Githens v. Shiffler (D. C.) 112 Fed. 505; Lansing Boiler & Engine Works v. Ryerson, 128 Fed. 701, 63 C. C. A. 253.

But it is insisted the transfer was actually fraudulent, and that the state court so found. What it found appears in the decree, read in the light of the pleadings. Stewart v. Village of Ashtabula, 107 Fed. 857, 47 C. C. A. 21. Although the petition averred that the transfer was made for a grossly inadequate consideration, with intent to hinder, delay, and defraud creditors, and prayed that it be declared fraudulent, the court only found that Payne, being insolvent, intended to dispose of his property for the purpose of preferring certain creditors; that he informed Coit and others of this purpose, or at least informed them that he was going to dispose of his property and pay certain

debts; that for this purpose he made the sale to Coit, and that Coit knew of this at the time of the purchase. There is a finding that the money was used as indicated by Payne, but no finding that Coit knew that Payne was insolvent at this time. As matter of law, the court found that the sale to Coit was in fraud of the rights of the general creditors, and adjudged that Coit convey the property to the trustee for the benefit of the creditors. This is a finding that the sale was made to prefer certain creditors and therefore was constructively fraudulent. It goes no further. There is no finding of actual fraud; no intent to hinder, delay, or defraud creditors; no design to so place the property that the bankrupt himself would profit by the transfer. We may add that the testimony taken below does not warrant any further or stronger conclusion than that found by the state court. It fails to show any actual fraud in the transaction. The reasonable inference to be drawn from it is that the transfer was made for the purpose of preferring certain creditors.

Under these circumstances, since the creditors have received the full benefit of the money which Coit paid Payne, and since Coit has nothing to show for this money, the property which he received in exchange having been taken away from him and handed over to the trustee for the benefit of the creditors, it seems to us that Coit has a valid claim against the trustee for the full amount of the money he paid, less the expenses of setting aside the sale. The creditors lose nothing they are justly entitled to by giving up the money, for they have the property, and it would be manifestly inequitable for them to hold both property and money.

As was said by Judge Day, in Bradford v. Beyer, 17 Ohio St. 389, 394:

"The law will aid them [the creditors] to subject the property of their debtor, in the hands of a fraudulent vendee, or its equivalent, to the payment of their claim. But they cannot obtain from the vendee both the property and its value in money. That would be a double remedy. It would be imposing upon the vendee a penalty to which neither he nor the debtor is liable. * * * It would be clearly inconsistent for the same creditor, on the one hand, to claim the property on the ground of a fraudulent sale, and at the same time, on the other, admit the validity of the sale, and claim the value, or purchase price, of the goods."

In Loudenback v. Foster, 39 Ohio St. 203, where a sale made to prefer certain creditors was set aside as constructively fraudulent, the judgment of the court below ordering the sale of the land and directing the payment in full of the plaintiff's claim, was set aside, and the case remanded for certification to the probate court, in order that the insolvent's estate might be administered, the court saying (page 207) that it appeared that the fraudulent vendee was the principal creditor of the insolvent, and it was improper to order the payment of any particular claim in full until a sale of the property and proof of claims were made.

That a creditor, preferred by a conveyance constructively fraudulent, may, after the preference is set aside, nevertheless prove the debt so voidably preferred, was held in Keppel v. Tiffin Savings Bank, 197

U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790. So that, if the transfer, instead of being made to Coit, had been made directly to the creditors, in payment of their claims, they would still have the right to prove such claims, although the transfer had been set aside as constructively fraudulent.

The judgment is affirmed.