## GELINAS v. BUFFUM.*

### In re BARCELOUX.
### No. 6401.

Circuit Court of Appeals, Ninth Circuit.
Oct. 30, 1933.

Huston, Huston & Huston, of Woodland, Cal., W. T. Belieu, of Willows, Cal., and Percy Napton, of Woodland, Cal., for appellant.

Devlin & Devlin & Diepenbrock, Robt. T. Devlin, Wm. H. Devlin, A. I. Diepenbrock, and Horace B. Wulff, all of Sacramento, Cal., George R. Freeman, of Willows, Cal. (George F. Longsdorf, of Oakland, Cal., of counsel), for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

This appeal is again before us for consideration and determination. In a previous opinion, 52 F.(2d) 598, we reversed with instructions the decree of the District Court, sitting in equity, 51 F.(2d) 80. Thereafter

*Rehearing denied December 11, 1933.

we granted appellee's petition for rehearing upon the authority of Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297. The case was reargued and submitted for determination.

The instant case is companion to, and was consolidated for trial and tried with, the case of Buffum, as Trustee in Bankruptcy of Henry Joseph Barceloux, a Bankrupt, v. Peter Barceloux Co., recently determined by the Supreme Court, 289 U. S. 227, 53 S. Ct. 539, 77 L. Ed. 1140.

This proceeding was brought under paragraph 70e of the National Bankruptcy Act.[1]

Omitting the formal parts of the complaint, it is alleged in substance that Henry Barceloux filed a petition in voluntary bankruptcy and was adjudicated a bankrupt in February, 1927; that the complainant was appointed trustee on March 14, 1927; that on August 24, 1926, Henry Barceloux "purported to sell to the defendant," for $2,000, 35 shares in the United Bank & Trust Company and 138 shares in the Glenn County Bank, subject to mortgages aggregating $13,800; that said shares were of the "reasonable value" of $25,772.50, and that the bankrupt's equity therein was about $11,972.50; that at the time of the purported sale the bankrupt was insolvent, and contemplating the filing of a petition in bankruptcy; that said purported sale and "transfers were respectively made by said Henry Joseph Barceloux with intent to defeat, delay, and defraud the creditors of the bankrupt and to conceal his assets from said creditors, and that defendant * * * was aware" of such intent.

As a second cause of action, the complaint states further that on July 8, 1926, Henry purported to sell to the defendant a share of stock in the Peter Barceloux Corporation; that at the time Henry was insolvent, etc.; that the purported sale was made with intent to defeat, etc., his creditors and to conceal his assets.

The prayer of the complaint, as taken from the record, is as follows: "Wherefore complainant prays that he may have judgment against defendant in a sum equal to the value on said 24th day of August, 1926, of the shares of stock mentioned in paragraph 4 of

[1] "(e) The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. * * *" 30 Stat. 565, 11 USCA § 110 (e).

the first cause of action, less the amounts due on the mortgages to which such shares of stock were then subject, together with interest on the amount of said difference from said 24th day of August, 1926, at the rate of 7% per annum, and also that defendant deliver to the plaintiff the certificate of title to the share of stock mentioned in the second paragraph of the second cause of action duly endorsed by defendant into the name of the plaintiff, or, if such delivery cannot be made, the plaintiff have judgment for the value of such share of stock on the date of the purported sale thereof as aforesaid, together with interest thereon from such date at the rate of seven per cent; and also for his costs of suit."

By the stipulation for consolidation, all evidence adduced at the consolidated trial of said causes was considered for every purpose as evidence in each cause, in so far as the same may be applicable or pertinent thereto.

The District Court rendered judgment for the plaintiff, appellee here, and issued an interlocutory decree appointing a master to ascertain the highest aggregate value of the claimed shares in the three corporations during the period commencing August 16, 1926, and ending at the date of filing and approval of the order or report.

The sum of $49,391.42, after the deduction of an incumbrance of $13,800, was reported by the master as being the highest value of the property involved between the dates of August 21, 1926, and May 29, 1930, the date of the master's report. This value was arrived at through the effort of the master to follow the property after it had been transferred by the appellant and exchanged for other stocks and by placing the value of the acquired stock at the highest market value between the dates stated.

On September 19, 1930, the District Court entered an order confirming the master's report, awarding judgment for the plaintiff in the sum of $49,391.42, with costs and master's fees, and postponing any claim that Mrs. Gelinas might have against the bankrupt to those of all other creditors of the estate in so far as the money collected by the trustee in pursuance of the present judgment was concerned.

The opinion and decision of the Supreme Court in the Barceloux Case, supra, settles the following issues on this appeal: That appellee is entitled to recover for the value of the property transferred, and that appellant may participate on the same basis with other creditors in the distribution of the assets. The Supreme Court also held that the transfer to Mrs. Gelinas was part of a general scheme to hinder and delay the creditors of the bankrupt. While this is a decision upon a question of fact, we feel constrained to follow it, for the reason that it is based upon the same record now before us. The ruling of the Supreme Court, however, is not decisive as to the measure of recovery to be awarded to appellee herein. It will be noticed that in both the case at bar and the Barceloux Case the District Court allowed a recovery based upon the highest value of the property between the date of its acquisition by defendants and the date of the master's report. In the Barceloux Case the Supreme Court did not determine whether or not this method was proper or justified, but waived the point with the remark that such a ruling was not harmful, in view of the fact that the amount thus arrived at was less than the amount which would have been awarded, if complainant had been granted the relief prayed for, viz.: the value of the property on the date of the transfer, with interest at the rate of 7 per cent.

■ Whether this case be properly one at law or in equity, the trial court admittedly has jurisdiction of the subject-matter, and, the parties having treated it as a suit in equity, the appellate court on appeal therefrom may dispose of the case upon its merits. Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297, Fidelity-Phenix Fire Insurance Company v. Benedict Coal Corporation (C. C. A.) 64 F.(2d) 347.

As to the first cause of action set forth in the complaint, plaintiff prayed to be awarded, and thus elected to limit his recovery to, the value of the property described on the 24th day of August, 1926, being the date of the transfer of said property to the appellant, less any amounts due as incumbrances thereon, together with legal interest. Cal. Civil Code, § 3336.

As to the second cause of action, the prayer of the complaint is that defendant deliver to the plaintiff the certificate of title to one share of stock in the Peter Barceloux Company, a corporation, duly indorsed by defendant into the name of the plaintiff, or, if such delivery cannot be made, that plaintiff have judgment for the value of said share of stock on the date of the purported sale thereof.

■ As to this share of Peter Barceloux Company stock, the evidence and reports of the master show that on the date of the alleged transfer the value of said share was $37.99,

and we so find. And, if delivery thereof cannot be made, plaintiff is awarded judgment for said sum of $37.99, with interest thereon from the 24th day of August, 1926, at legal rate.

From the evidence and the reports of the master in the Barceloux Case and in this case, we find that the property described in the first cause of action, and acquired from the bankrupt by the appellant on the date of sale, was as follows: Value of 158 shares of Glenn County Bank stock at $70 per share, amounting to $11,060. Value of 26¼ shares of United Bank & Trust Company stock at $166 per share, amounting to $4,357.50. Value of 6.5625 of rights to buy United Bank & Trust Company stock; each unit of said rights being valued at $78.50, amounting to $515.15. From the aggregate sum of $15,932.65 is to be deducted the incumbrances against the property, amounting at the time to $13,800, which leaves a balance due on plaintiff's first cause of action of $2,132.65, for which amount and interest at the legal rate from the 24th day of August, 1926, judgment be awarded plaintiff.

In accordance with the Supreme Court's decision in the Barceloux Case, the appellant may participate on the same basis with other creditors in the distribution of the assets of the bankrupt.

Accordingly the decree of the District Court, in so far as it directs the postponement of the payment of any claim which the appellant herein may have against the bankrupt's estate, is reversed, and the District Court is directed to modify its judgment and decree in other respects to conform to this opinion.

Judgment modified, and cause remanded to District Court, with instructions.