[S. F. No. 15410.   In Bank.—January 22, 1936.]

550 PARK AVENUE CORPORATION (a Corporation), Appellant, v. BRUNO K. KUHE et al., Respondents.

Alger, Peck & Grafton, S. Joseph Theisen and Arthur J. Harzfeld for Appellant.

Richard O'Connor for Respondents.

LANGDON, J.—Plaintiff recovered a judgment against defendant Bruno Kuhe in the sum of $7,139.33, and sought to levy execution on 397 shares of stock of H. L. Ladd, Chemist, Inc. Defendant Claire Kuhe, wife of defendant Bruno Kuhe, was the record owner of the stock, and claimed it as her separate property. Plaintiff then brought the present action to have the stock declared the property of the husband, and subject to execution under its judgment.

The evidence shows that in 1927 the husband was a licensed druggist in New York, and owner of the Dial Pharmacy there. He met the defendant Claire Pfau, who helped him with the business in a clerical and sales capacity. They agreed to marry and arranged a marriage settlement to protect Miss Pfau because Kuhe had obligations toward a son by a former marriage. Miss Pfau thereafter assisted him actively in the business of the pharmacy. The parties entered into correspondence looking toward the purchase of the Ladd Pharmacy in San Francisco in March, 1928. They were married in April, 1928, and a short time later completed the transaction and opened the business. Mrs. Kuhe was active in the management from the beginning, drawing and signing nearly all of the checks. A certificate of doing business under a fictitious name was filed and published on April 30, 1928, with the husband named as sole owner. On March 23, 1929, he sold the Dial Pharmacy in New York, executing a guaranty of rent to plaintiff, which was the basis of liability under the present judgment. On April 20, 1929, the Ladd Pharmacy was incorporated, and all save a few shares were issued to Mrs. Kuhe.

█ Defendants testified that the greater part of the money used to purchase the San Francisco business belonged to Mrs. Kuhe before her marriage. She testified in detail as to the various banks and accounts from which the sums were withdrawn. The fact that Bruno Kuhe wrote the letter opening negotiations for the purchase is explained on the ground that Ladd, the owner, did not want to deal with a woman. Both parties testified that it was understood that any contributions made by the husband toward the purchase were to be by way of marriage settlement. There was evidence that the parties had corresponded with an attorney in Reno as early as May, 1928, with respect to incorporating the business.

Plaintiff contends that the evidence shows that the husband was the owner of the business, and that the taking of the stock in the name of the wife was a fraudulent transfer, void against it because at the time of incorporation, Kuhe was under a contingent liability to plaintiff under the above-mentioned guaranty. Plaintiff, however, has produced very little evidence, its argument being mainly concerned with inferences of fraud drawn from the allegedly suspicious acts of defendants. But defendants offered a detailed and credible explanation of their conduct, which the trial court believed; and in this state of the record plaintiff cannot prevail.

█ Plaintiff also urges that since the business was in the name of the husband at the time of incorporation, the issuance of shares to the wife was a void transfer under section 3440 of the Civil Code because not accompanied by a notice as required by that section. Bearing in mind first, that according to defendants' testimony, the business was actually the wife's at the time, and second, that the plaintiff's status as a creditor rested solely upon the possible future liability of Kuhe on the guaranty, we think that no violation of the statute was established.

The judgment is affirmed.

Conrey, J., Curtis, J., Waste, C. J., Shenk, J., Thompson, J., and Seawell, J., concurred.

Rehearing denied.