BURCH, J.
Proceedings had in the court below upon a third party claim resulted in a judgment in favor of the third party claimant, Mrs. Brennan. Mrs. Brennan makes her claim to the property as against her former husband, Roy C. Brennan, and his creditors by reason of a property settlement agreement of October 5, 1948, by the interlocutory divorce decree of January 21, 1949, and by the final decree of February 20, 1950. The interlocutory decree “approved” the property settlement agreement, and directed that “each party shall perform all obligations of that party under said property settlement agreement.” The final decree provided “wherein said interlocutory decree relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto.”
*953 On April 3, 1950, plaintiffs, as judgment creditors of Boy C. Brennan, procured an order to the clerk of the municipal court to issue execution on a judgment after five years from entry thereof, and the property here involved was duly levied on under this execution but was released upon the filing of the petition for hearing to determine title under third party claim.
Plaintiffs, as judgment creditors, claim that as to them neither the property settlement agreement of October, 1948, nor the subsequent divorce decrees affected their right.
The property was merchandise stock in a grocery business which the husband agreed to convey to the wife without complying with the requirements of notice by recording and publication, as exacted by section 3440 of the Civil Code.
By the very terms of the statute, as to the creditors, the agreement is void. The plaintiffs choose thus to treat it and are within their rights in so doing. But the contract was binding between the parties (Ramirez v. Hartford Ace. & Indem. Co., 29 Cal.App.2d 193 [84 P.2d 172]) and, therefore, when the court approved it and directed and ordered in the interlocutory decree that its terms be carried out, it became an executed contract by virtue of the direction and order of the court. Thus both the interlocutory decree and the final decree, insofar as the creditors were concerned, controlled the transfer of the property between the debtor and his wife, who is the third party claimant. While the agreement had no effect upon the creditors’ rights, the interlocutory and final decree operating upon the agreement established the separate right of the wife. (See 550 Park Avenue Corp. v. Kuhe, 5 Cal.2d 182, 184 [53 P.2d 751]; see by analogy Harris v. Commissioner (1950), 340 U.S. 106 [71 S.Ct. 181, 95 L.Ed.-].)
Under these circumstances we are constrained to hold with the court below that the transfer was, at least as to the creditors, one made by direction and order of “a court of competent jurisdiction,” and thus within the exception of section 3440 of the Civil Code.
The judgment is affirmed.
Turrentine, P. J., and Glen, J., concurred.