CLIFTON *v.* DUNN.

ALMAND, Justice. A. H. Clifton, in an equitable action against Dolvin Dunn, sought to rescind a contract wherein the defendant sold to the plaintiff a barbecue place known as The Gypsy Girl, including the good will, stock, inventory, and fixtures. The petition alleged in substance: The sale was under the bulk-sales law, and the defendant, at the time of the sale, gave the plaintiff an affidavit stating that there were no creditors other than those listed in the affidavit. After the purchase, numerous people other than those indicated in the affidavit, presented to the plaintiff their claims or demands against the business which he had bought, said claims being debts due by the defendant from the operation of the business, or for various physical properties on the premises. Such claims or demands have embarrassed and injured the plaintiff and the business he bought, in that water and electric service on the premises have been terminated because the plaintiff would not pay the outstanding obligations of the defendant, and other persons claiming property or rights have threatened to sue the plaintiff, and demanded from him the property claimed by them. The foregoing facts, as alleged, constitute fraud as well as a violation of law. The plaintiff has sought to rescind the sale by tendering to the defendant the property which he sold to the plaintiff, except that which was exhausted in the use, which plaintiff has offered to account for. The plaintiff paid the defendant $500 in cash and executed his negotiable

promissory notes in the sum of $1250, which are capable of being transferred to innocent third parties. The prayers were that the contract be rescinded, that the defendant be required to surrender the notes for cancellation, that a receiver be appointed to conduct the operation of the barbecue place, for an injunction, and for a money judgment. On interlocutory hearing of the application for a temporary injunction and the appointment of a receiver, the defendant made an oral motion to dismiss the petition, which motion the court sustained, and the case is here on a writ of error assigning error on this order, and on the court's entertaining the oral motion to dismiss the case at the interlocutory hearing. Held:

1. Where, on the filing of an equitable petition, the court granted a rule nisi returnable on a certain date, requiring the defendant to show cause why a temporary injunction should not be granted and a receiver appointed, and at the hearing on these matters the defendant made an oral motion to dismiss the petition, the court had the power and authority to entertain such motion and enter a judgment thereon. Art. 6, sec. 4, par. 8, Constitution of 1945 (Code, Ann., § 2-3908); *Reardon v. Bland*, 206 *Ga.* 633 (1) (58 S. E. 8d, 377).

2. In the sale of a stock of goods, wares, and merchandise in bulk (Code, § 28-203), the failure of the seller to include all the names of the creditors of the business sold does not render the contract of sale void. *International Silver Co.* v. *Hull & Co.*, 140 *Ga.* 10 (78 S. E. 609, 45 L.R. A. (N. S.) 492); s. c. 12 *Ga. App.* 812 (78 S. E. 610).

3. Where a vendee purchases a stock of goods, wares, and merchandise in bulk without first demanding and receiving from the seller a written statement under oath of the names and addresses of the creditors of the vendor, and without first giving each of said creditors written notice of said intention to purchase, said sale or transfer is presumed to be fraudulent as to any and all the creditors of the vendor. Code, § 28-205. Such sale conveys no title as against creditors, who may reach the goods by garnishment. *Morgan* v. *Weil Co.*, 31 *Ga. App.* 611 (121 S. E. 703).

4. Equity will not lend its aid to one seeking the rescission of an executed contract where it affirmatively appears that the plaintiff and the defendant are in pari delicto. *Adams* v. *Barrett*, 5 *Ga.* 404 (4); *Garrison v. Burns*, 98 *Ga.* 762 (26 S. E. 471); Code, § 37-112.

5. It appearing from the petition in the instant case that the only ground upon which the plaintiff seeks to rescind the contract of purchase is that it was fraud on the part of the defendant to fail to give the plaintiff a list of all the creditors of the defendant, and that the sale was void as being in violation of the bulk-sales law, and there being no allegation in the petition that the plaintiff, as a purchaser, has himself complied with the bulk-sales law as to giving notice to creditors of the vendor, the facts alleged were insufficient to authorize a rescission of the contract, or to set forth any ground of equitable relief, and it was not error to sustain the oral motion and dismiss the petition.

*Judgment affirmed. All the Justices concur.*

No. 17522. Argued July 9, 1951—Decided September 10, 1951.

*Marina Capitan* and *Gilbert E. Johnson,* for plaintiff.
*I. Clinton Helmly Jr.,* for defendant.