[Civ. No. 9319.   Third Dist.   Apr. 30, 1958.]

EDWIN R. JEFFERY, Respondent, v. LEWIS C. VOLBERG et al., Appellants.

Millington & Millington for Appellants.

Clewe, Blade & McDonald for Respondent.

W.NE, J. pro tem.*—This is an appeal from a money judgnt entered in an action brought to recover the price of ,ock of electrical fixtures, appliances and materials sold by pondent to appellants.

the time of the sale the stock was located, displayed and off'd for sale in the ordinary course of business in a paint str operated by respondent's sister and brother-in-law. As a ndition to obtaining a lease of a storeroom in the same b ding in which the paint store was located appellants were r ired by the owner-lessors to purchase respondent's stock i rade. This the appellants agreed to do and the stock was d to appellants at the wholesale price thereof. The stock s not then formally inventoried but appellants and respond- t checked off the items against the wholesale invoices and, cept for some light fixtures and two TV sets, the stock was oved into that portion of the building which appellants had eased. A few days thereafter, appellants informed respondent that they did not want the stock as they had been advised that they could not get good title thereto unless respondent recorded and published notice of the intended sale as required by the so-called "bulk sales law" (Civ. Code, § 3440.1). This respondent refused to do. Appellants then refused to go ahead with the "deal" or pay for the stock and respondent brought this action to recover the price thereof. Judgment was for respondent and this appeal followed.

We shall first consider appellants' contention that respondent has misconceived his cause of action.

It is appellants' position that respondent could only bring an action for damages and not one for the agreed selling price since it cannot be ascertained what stock was delivered. Such is not the case. Although appellants did not take physical possession of the light fixtures and the two TV sets, it was upon appellants' request and solely for their benefit and convenience that those items were left in the paint store operated by respondent's sister and brother-in-law and in which establishment respondent had no interest. The balance of the items checked off against the wholesale invoices were delivered to the premises leased and occupied by the appellants. In fact, the record shows that even before such checking, appellants had appropriated some of the stock to their own use. Appellants actively participated in the checking and moving of the stock and in the absence of proof of some

---

*Assigned by Chairman of Judicial Council.

818

mistake cannot now complain that the count may h been inaccurate. The trial court, however, deducted $350 the claimed shortage, and since appellants failed to establ that the amount was greater they are in no position to change the allowance as inadequate. ■ Neither can appella successfully assert that respondent is precluded from re ery because an inventory was not taken by a third party the time of the sale. There was a conflict in the evidence to whether the parties had agreed to have such an inve ry taken. Impliedly, the trial court found that there was no h agreement, therefore, under the familiar rule on appeal cerning findings based upon conflicting evidence, this c t must resolve that issue against appellants. Moreover, it significant that when appellants checked and took possess of the stock they did not request that it be inventoried by third party. There is no merit in appellants' contention tha respondent misconceived his cause of action nor is there any merit in respondent's contention as to a lack of proper inventory.

■ Likewise, it was not until after appellants accepted possession of the stock that they insisted respondent must comply with the Bulk Sales Law (Civ. Code, § 3440.1). Such compliance was not made a condition of the sale. That statute provides that the sale, transfer or assignment of a stock in trade, in bulk, or a substantial part thereof, other than in the usual course of business, is conclusively presumed to be fraudulent and void as against existing creditors of the transferor unless the requirements as to recording and notice of intended sale are complied with. There is no provision in the statute declaring such a transaction to be void as between the immediate vendor and vendee. ■ Nor is it the law that the seller, when making a sale, transfer or assignment of a stock in trade, in bulk, or a substantial part thereof, other than in the ordinary course of trade, must record and publish notice of intended sale, in order that the sale, transfer or assignment be valid as between the parties. By the great weight of authority bulk sales statutes are for the benefit of creditors and not for the benefit of the purchaser and do not in any way affect the validity of a sale as between the immediate parties. (*Cooley* v. *Brennan,* 102 Cal.App.2d Supp. 952 [228 P.2d 104] ; 23 Cal.Jur.2d, § 78, p. 527.) ■ Nor does the statute preclude the seller from recovering the purchase price of a sale made in violation thereof. (37 C.J.S., § 485, p. 1354; 24 A.L.R.2d 1030-1031.) ■ "A conveyance in

fraud of creditors vests title to the property transferred in the grantee except as against creditors." (*Withrow* v. *National Surety Co.*, 122 Cal.App. 242 [10 P.2d 83].)

The case of *Ashton* v. *Leysen* (Tex. Civ. App.), 237 S.W.2d 713, 24 A.L.R.2d 1027-1029, relied upon by appellants, is not in conflict with the rules above stated. In that case the contract expressly provided that the seller was to pay all outstanding obligations and, according to the contract, the transfer was to be "free and clear of any and all encumbrances, except those herein named." Before completion of the sale the purchaser demanded that the seller comply with the Bulk Sales Law. The seller refused to do so and the purchaser then declined to go further without such compliance. It was undisputed that at the time of such demand there were outstanding accounts owing by the seller covering the merchandise being sold, and that unless all debts had been paid, or seller had furnished the affidavit required by the Bulk Sales Law stating that all debts had been paid, the seller would not have been complying with the contract which called for a transfer of the stock of goods free and clear of liens. A judgment for the seller was reversed and upon a rehearing the court said: "As we view our original opinion, nothing therein holds that the sale by appellee Leysen to appellant Ashton was void or voidable 'because of the Bulk Sales Law.' What we held and intended to hold was that appellee as seller agreed to pay all outstanding obligations and to transfer the business and stock of goods 'free and clear of any and all encumbrances except those named in the contract.'" In the instant case there was no such contract, or requirement for the giving of any notice of intended sale.

Lastly, appellants contend that the following provisions of section 2468 of the Civil Code preclude the maintenance of this action: "No person doing business under a fictitious name . . . shall maintain any action upon or on account of any contract or contracts made, or transactions had, under such fictitious name, . . . until the certificate has been filed and the publication has been made as herein required." Respondent's sister and brother-in-law were operating the paint store under the name of Elliott and Robertson Paint Company. None of the parties had complied with section 2466 of the Civil Code. The facts are that respondent was sole owner of the electrical business and conducted it in his own name and there is no evidence that the respondent contracted with appellants under the fictitious name. Therefore, section

2468 of the Civil Code does not bar this action brought in respondent's name to recover for the goods and merchandise sold by him as an individual.

But even if the facts were otherwise and as claimed by appellants, it would not affect this action since they failed to plead in defense respondent's alleged omission to comply with the sections mentioned. ██ As stated in *Folden* v. *Lobrovich*, 153 Cal.App.2d 32, 34 [314 P.2d 56] : "Failure to comply with sections 2466 and 2468 is a technical defense which must be raised by the defendants or it is waived and will not be considered by the trial court. (*Cook* v. *Fowler*, 101 Cal. 89 [35 P. 431] ; *Messick* v. *Houx Bros.*, 105 Cal.App. 637 [288 P. 434].)" Also see *Phillips* v. *Goldtree*, 74 Cal. 151 [13 P. 313, 15 P. 451] ; and *Bryant* v. *Wellbanks*, 88 Cal.App. 144, 152 [263 P. 332].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.