704 F.2d 1134
 8 Collier Bankr.Cas.2d 554, 10 Bankr.Ct.Dec. 819,
Bankr. L. Rep. P 69,568, 36 UCC Rep.Serv. 258
 In re VERCO INDUSTRIES, a California corporation, Debtor.
VERCO INDUSTRIES, a California corporation,
Debtor-in-possession, Plaintiff-Appellee,
v.
SPARTAN PLASTICS, a Partnership, Ernie J. Beigel, a General
Partner, and Cecil Sills, a General Partner,
Defendants-Appellants.
 No. 81-5298.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 6, 1982.
Decided April 27, 1983.
 
 George F. Hemingway, Marshall, Bratter, Greene, Allison & Tucker, Los Angeles, Cal., for defendants-appellants.
 Robert A. Greenfield, Alan Pedlar, Stutman, Treister & Glatt, Los Angeles, Cal., for plaintiff-appellee.
 Appeal from the Bankruptcy Appellate Panel for the Ninth Circuit.
 Before ALARCON, POOLE, and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge.
 
 
 1
 This appeal from the Bankruptcy Appellate Panel, 10 B.R. 347, presents a novel issue as to whether a debtor-in-possession which invalidated a sale for failure to comply with bulk transfer laws and retained the sale property for the benefit of the estate's creditors, may recover the balance owed on the sale free from the buyer's claim of set-off. Because the buyer is entitled to a set-off we reverse in part.
 
 I.
 Facts
 
 2
 The material facts are undisputed. On December 21, 1979, Verco Industries ("Verco") closed a sale to Spartan Plastics ("Spartan") of machinery, tools, and a building lease used in manufacturing practice bombs for the military. Verco tendered a bill of sale for the personal property, an assignment of its leasehold interest in the manufacturing facility, and a covenant not to compete. Spartan's consideration consisted of $125,595 cash, $85,000 worth of castings, a $36,860 prepaid sublease, assumption of approximately $20,000 of Verco's outstanding obligations, and a promissory note back to Verco for $31,545. The promissory note was increased to $37,310 following Verco's assignment of a rental deposit on the leasehold interest sold to Spartan. Spartan immediately provided all the promised consideration except for payment of the promissory note which was not due until July 1, 1980. Spartan's failure to pay the note is the subject of the present appeal.
 
 
 3
 On July 23, 1980, Verco filed for bankruptcy under Chapter 11 of the Bankruptcy Code and became a debtor-in-possession with basically the same powers as a trustee in bankruptcy. See 11 U.S.C. Sec. 1107 (Supp.1981). Acting pursuant to 11 U.S.C. Sec. 544 (Supp.1981), Verco sued Spartan in bankruptcy court to invalidate the transfer of personal property called for in the sale on the grounds that it violated provisions of California's bulk transfer and fraudulent conveyance laws, Cal.Com.Code Secs. 6105 & 6107 (Deering Supp.1982), and Cal.Civ.Code Sec. 3440 (Deering 1972). Verco also sought to enforce payment of the $37,110 promissory note pursuant to 11 U.S.C. Sec. 541 (Supp.1981), which makes a bankruptcy trustee or debtor-in-possession the successor in interest to the debtor's property.
 
 
 4
 The bankruptcy court invalidated the transfer as against Verco's creditors because Spartan had failed to satisfy the notice provisions of California's bulk transfer laws, Cal.Com.Code Secs. 6105 & 6107 and had violated Cal.Civ.Code Sec. 3440, by failing to take possession of the property within a commercially reasonable time. The court ordered that the debtor-in-possession retain the property for the benefit of the estate under 11 U.S.C. Secs. 550 & 544(b) (Supp.1981). The court also concluded that because the transfer was invalid and Verco retained possession of the property, Spartan was relieved of its obligation to pay the promissory note.
 
 
 5
 Verco appealed the promissory note ruling to the three-judge Bankruptcy Appellate Panel ("panel") for the Ninth Circuit pursuant to 28 U.S.C. Sec. 160 (Supp.1981). The panel reversed the bankruptcy court, holding that, as a debtor-in-possession, Verco need not elect between invalidating the property transfer[1] on behalf of the creditors under 11 U.S.C. Sec. 544(b) and recovering the full sale price on behalf of the debtors' estate under 11 U.S.C. Sec. 541(a)(1).
 
 
 6
 Raising the issue sua sponte, two of the panel judges also concluded that Spartan had no right of set-off against Verco for the consideration it paid on the goods retained by Verco. The third panel member concurred in the panel's decision to allow Verco to recover on the note but differed on the last issue, arguing that Spartan was entitled to a set-off under 11 U.S.C. Sec. 553(a) (permitting a set-off of mutual debts that arose before commencement of the case).
 
 
 7
 Spartan appeals, arguing that: (1) the promissory note was unenforceable after Verco invalidated the transfer and retained the property; or (2) it has a right of set-off for the consideration it paid on the goods retained by Verco.
 
 II.
 Recovery on the Note
 
 8
 The bankruptcy panel found that Verco, as debtor-in-possession, could recover the amount of the promissory note from Spartan despite the fact that it had successfully set aside the transfer of assets. It is undisputed that a debtor-in-possession has the powers of a trustee in bankruptcy, 11 U.S.C. Sec. 1107, and ascends to the rights of creditors to set aside a non-complying bulk transfer under 11 U.S.C. Sec. 544(b) as well as acquiring all the debtor's legal rights and remedies under 11 U.S.C. Sec. 541(a)(1). We agree with the panel below that Verco may assert both of these rights and recover the property and the amount due on the note.
 
 
 9
 The California bulk transfers law is designed to protect the creditors of the transferor. Failure to give the notice required under section 6107 renders any bulk transfer fraudulent and void against any creditor of the transferor. Cal.Com.Code Sec. 6105; Danning v. Daylin, Inc., 488 F.2d 185, 187 (9th Cir.1973). The transfer is not void, however, as between the parties to the transaction. Cooley v. Brennan, 102 Cal.App.2d 952, 228 P.2d 104 (1951). The transferor may maintain an action for the purchase price of the assets despite a violation of the bulk transfer laws, Jeffery v. Volberg, 159 Cal.App.2d 815, 324 P.2d 964 (1956); Escalle v. Mark, 43 Nev. 172, 183 P. 387 (1919), and the sale will not be set aside as to the transferor's right to recover the purchase price even if the transferor's creditors make claims on all or part of the transferred assets. Clifton v. Dunn, 208 Ga. 326, 66 S.E.2d 735 (1951). We think it clear that had bankruptcy not intervened, Verco's creditors would have been able to set aside the sale to Spartan as to them without depriving Verco of its right to payment of the promissory note. We see no reason why the intervening bankruptcy of Verco should alter this situation given that Verco assumes both of these rights upon becoming debtor-in-possession.
 
 
 10
 The cases relied upon by Spartan, Matter of Seward Dredging Co., 242 F. 225, 228 (2d Cir.), cert. denied, 245 U.S. 651, 38 S.Ct. 11, 62 L.Ed. 531 (1917) and J.H. Hincke Printing Co. v. Bailey, 263 P. 719, 721, 83 Colo. 242 (1928), do not compel a different result. The courts in those cases noted the bankruptcy trustee's dual responsibility to the estate and its creditors, and implied that when the trustee has two rights to property he must opt to enforce either right. Those cases, however, deal with situations where the trustee has two rights to title of the same property. Therefore a choice between remedies is warranted. In the present case, there are two rights to different property: the creditor's right to the transferred assets and the estate's right to the unpaid balance of the note.[2]
 
 III.
 Set-Off
 
 11
 Although we acknowledge that Verco has a valid claim for the unpaid amount of the note from Spartan, we also believe that Spartan would have a claim against Verco for the loss it suffered when the transfer was set aside. In Misty Management Corp. v. Lockwood, 539 F.2d 1205 (9th Cir.1976), this court stated that even where the transferee is responsible for the transfer being invalidated as fraudulent, that factor does not prevent the transferee from asserting a claim against the transferor:
 
 
 12
 Older versions of the Bankruptcy Act did contain provisions penalizing recipients of a fraudulent conveyance. Those provisions have been eliminated, however, and the modern view is that a transferee guilty of fraudulent behavior may nevertheless prove a claim against a bankrupt estate, once he returns the fraudulently conveyed property to the estate.... A rule to the contrary would allow the estate to recover the voidable conveyance and to retain whatever consideration it had paid therefor. Such a result would clearly be inequitable.
 
 
 13
 539 F.2d at 1214 (emphasis added) (citations omitted); see also Buffum v. Barceloux Co., 289 U.S. 227, 237, 53 S.Ct. 539, 543, 77 L.Ed. 1140 (1933); Barber v. Coit, 144 F. 381 (6th Cir.1906). Cf. 73 Am.Jur.2d Subrogation Sec. 79, at 648 (1974) (when transfer avoided by creditors of transferor, transferee subrogated to rights of creditors whose claims were paid). Similarly, we find that to allow Verco to recover the entire purchase price without allowing Spartan a claim against the estate would result in an "inequitable" double recovery.
 
 
 14
 The bankruptcy panel's attempt to distinguish Misty on the ground that the debtor-transferor was the non-complying party misreads Misty's facts. Misty clearly involved "a transferee guilty of fraudulent behavior." Id. Verco's contention that Misty is an inapplicable "fraudulent conveyance case" is also unpersuasive. Both are bankruptcy cases in which the transferees' conduct led to the transfers being set aside pursuant to the same section of the Bankruptcy Act. (In Misty, the transfer was set aside pursuant to Sec. 70(e) of the old Act, the predecessor to Sec. 544(b), the provision employed in this case.) Although the rationale for invalidating the transfers in the two situations is somewhat different, the same inequitable result is involved in both instances. Accordingly, Spartan has a claim against the estate which may be set-off against Verco's recovery on the note.
 
 
 15
 We note that Spartan was not guilty of any actual fraud in connection with the transfer of assets. At most, Spartan was negligent in failing to take immediate possession of the subject property and in failing properly to circulate notice of the bulk transfer to Verco's creditors. Spartan concedes that Verco is entitled to invalidate the transfer and retain the property for the benefit of its creditors. Spartan's negligence is not relevant, however, to whether Spartan is entitled to a set-off. See Misty, 539 F.2d at 1214.
 
 
 16
 There is no merit to Verco's contention that Spartan is precluded from claiming a set-off for the consideration it has paid because it did not raise the issue below. The bankruptcy panel clearly addressed and decided the issue, and it became part of the record on appeal. Fed.R.App.P. 10(a). The bankruptcy panel having considered the issue, we may review it on appeal. Yellow Truck & Coach Mfg. Co. v. Edmondson, 155 F.2d 367, 368 (6th Cir.1946).
 
 
 17
 Section 553 of the Bankruptcy Code permits "a creditor to offset a mutual debt owing by such a creditor to the debtor that arose before the commencement of the case ... against a claim of such a creditor that arose before the commencement of the case...." The timing and mutuality elements must both be satisfied to establish a set-off under the section. 4 Collier On Bankruptcy paragraphs 553.04, 553.05, 553.08 (15th ed. 1982).
 
 
 18
 We agree with the concurring member of the bankruptcy panel that both elements are satisfied here:
 
 
 19
 The estate's claim is based on a note given by Spartan Plastics to Verco Industries before the commencement of the case. Any claim Spartan Plastics can establish that arises from recovery of the fraudulently conveyed property "shall be determined, and shall be allowed ... the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. Sec. 502(h). Thus the timing elements of section 553 are satisfied.
 
 
 20
 "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity." 4 Collier on Bankruptcy, 15th ed. p. 553-22. A claim that is deemed to have arisen before bankruptcy is by necessary implication deemed to have been owed to the estate's predecessor, here Verco Industries. Thus, from a pre-bankruptcy perspective, the two debts were between the same parties in their corporate capacities.... Spartan's debt under the note is to the estate; Spartan's claim, when fixed, will be against the estate. Mutuality is therefore satisfied.
 
 
 21
 A set-off claim would not defeat the estate's invalidation of the transfer because the claim is not allowable under 11 U.S.C. Sec. 502(d) until after the property has been surrendered to the estate. We also agree with the concurring panel member that although the "right" to seek set-off is a legal issue, the "amount" of any set-off presents a factual question that must be determined on remand. The amount of the claim will presumably bear the same relationship to the total purchase price of $305,765 as the value of the bulk sales property bore to the total consideration tendered by Verco.
 
 
 22
 We find no support for Verco's contention that section 502(h) only serves to reinstate an existing claim where property is recovered by the trustee. As noted in Collier:
 
 
 23
 the import of Section 502(h) is that where a claim is allowable as provided in that section, its status is as a claim in existence on the date of the filing of the petition regardless of when, after the petition, the trustee has taken the necessary action and recovered.
 
 
 24
 3 Collier, supra, p 502.08, at 502-92 n. 6. We also find no support for Verco's contention that where a transferor is blameless, no claim may be proven against it.[3]
 
 CONCLUSION
 
 25
 The decision of the bankruptcy panel is reversed in part, and the matter is remanded to the bankruptcy trial court to determine the amount of Spartan's set-off.[4]
 
 
 
 [1]
 Because Spartan conceded at oral argument before the bankruptcy panel that the transfer could have been invalidated for violating California's bulk transfer provisions, the panel proceeded on that ground alone without reference to Spartan's alleged violation of Cal.Civ.Code Sec. 3440's "possession" requirement. We do the same
 
 
 [2]
 Danning v. Daylin, Inc., 488 F.2d 185 (9th Cir.1973), and Schainman v. Dean, 24 F.2d 475 (9th Cir.1928), cited by Verco are also inapposite to the facts of the present case. These cases uphold the right of a trustee in bankruptcy to set aside a noncomplying transfer despite the fact that the full purchase price had been paid. The issues of the right to recover unpaid portions of the purchase price or set-off were not involved
 
 
 [3]
 In Barber v. Coit, 144 F. 381 (6th Cir.1906), a case vigorously argued by both parties, the court made clear that the primary consideration was not the parties' relative fault, but whether the debtor's creditors would be adequately protected. Id. at 383. In the present case, as in Barber, "the creditors [would] lose nothing they are justly entitled to by giving up the money [to Spartan], for they have the property and it would be manifestly inequitable for them to hold both property and money." Id
 
 
 [4]
 As noted in the statement of facts, $5,765 of the $37,310 at issue represents the security deposit on the lease assigned to Spartan. Verco argues that no defense exists to paying at least the $5,765 because the assignment of the rental deposit had nothing to do with the consideration owing for the invalidated transfer of personal property. Spartan responds by arguing that Verco's refusal to vacate the assigned premises resulted in rental payments being in arrears far in excess of the security deposit. Given the disputed nature of the issue and the fact that neither the bankruptcy court nor the panel ruled on whether the security deposit should be treated separately from the note, this court cannot resolve the issue. Accordingly, on remand, the bankruptcy court should resolve this question in the course of calculating the amount of Spartan's set-off right