[Civ. No. 15983.   Second Dist., Div. Three.   Apr. 5, 1948.]

A. D. MITCHELL et al., Plaintiffs, v. GEORGE D. SETZ-
LER et al., Defendants; WILLIAM LAWSON, As-
signee and Respondent; H. W. ROBERTS et al., Third
Party Claimants and Appellants.

Thomas W. Clarke for Third Party Claimants and Appellants.

Harry T. Young for Assignee and Respondent.

SHINN, Acting P. J.—Appellants, H. W. Roberts, D. E. Roberts and N. D. Spencer, assert ownership of the equipment and business operated under the name of Frozen Food Shop, which they claim to have purchased from Norman D. Twitchell and Edward Barrett, Jr., for the sum of $10,000. The controversy is between them and respondent, William Lawson, who holds judgment against Edward Barrett, Sr., under which he has caused a writ of execution to be issued and levied on the Frozen Food Shop business. The appeal is from an order made after a hearing on a third party claim filed by appellants with the constable who levied the writ of execution. The order was that the third party claim was denied. The appeal brings into question the implied findings that should be read into this order, in view of the issues to be determined, and the propriety of the order as applied thereto.

In the proceeding which was held under section 689, Code of Civil Procedure, and by the express terms of that section, appellants, as third party claimants, had the burden of establishing their title to the property (*Kyne* v. *Kyne*, 16 Cal.2d 436, 440 [106 P.2d 620]; *Grant* v. *Segawa*, 44 Cal.App. 2d Supp. 945, 949 [112 P.2d 784]), and the court would have had authority to make a determination as to such title.

We must ascertain from the record what issues were actually tried and adjudicated, and it will be seen that only a question of law was decided, namely, whether, in the sale that was made to appellants, the sellers complied with the requirement of section 3440 of the Civil Code that notice of an intended sale of a business must be recorded and published in order that the purchaser may take a title which is free from the claims of the creditors of the seller. Appellants contended that section 3440 had been complied with, whereas respondent contended that there had been no compliance.

All the evidence that was received was addressed to this question alone. No issue was presented as to whether the judgment debtor Edward Barrett had any interest in the property at the time of the sale and no evidence was introduced by either party which had a direct bearing upon that question. Since the issue was thus limited, we construe the order only as a determination that the third party claimants did not establish a title deserving of protection against the rights of creditors to levy upon the interest of any of the sellers in the property which was the subject of the sale.

On August 10, 1946, Edward J. Barrett, Jr., Norman D. Twitchell and Edward Barrett, signed and caused to be recorded a notice as required by section 3440 Civil Code, of their intention to sell the said business to Herbert W. Roberts and DeForest E. Roberts, specifying 10 a. m., August 20, as the time, and the escrow department of a bank in North Hollywood as the place, for the transfer to be made and the consideration paid. A copy of the notice was duly published. The Messrs. Roberts signed, recorded and published a notice of their intention to give to the three proposed sellers their note and chattel mortgage on the property in part payment of the purchase price. Escrow instructions were signed by the proposed purchasers and by the three proposed sellers. They called for the payment of the purchase price and the delivery of title papers through the escrow and also for the delivery of the purchase money note and mortgage.

Under date of August 16, respondent sent to the escrow his claim upon the funds in the amount of $3,156.22, based upon the judgment, requesting that if Edward Barrett refused to accept the claim, respondent be notified in order that he might protect himself by means of execution. On August 21, a letter was received in the escrow from Edward Barrett, stating that although his name appeared in the escrow he claimed no interest therein, his name having been added only as a matter of convenience. He directed that all further instructions be received from Twitchell and Barrett, Jr., and that all sums be paid to them. A copy of this letter was sent to respondent by the escrow holder, advising that no funds were held in escrow to the credit of Edward Barrett. On August 24, the escrow was cancelled by instructions of Twitchell and Barrett, Jr., and the proposed buyers, and all papers theretofore deposited were returned. Respondent was notified by the escrow holder of the cancellation of the escrow. On or about August 27, at an undetermined

place, Twitchell and Barrett, Jr., sold the property to Herbert W. Roberts and DeForest E. Roberts for a consideration of $12,500, of which $7,500 was paid in cash and the balance by the promissory note of Messrs. Roberts for $5,000, secured by a chattel mortgage on the property. Barrett, Twitchell and Barrett, Jr., as parties of the first part, entered into an agreement with the Messrs. Roberts, as parties of the second, reciting that on August 8, the parties of the first part had entered into an agreement to sell the property to the parties of the second part, that certain claims had been filed in the escrow against Edward Barrett, that the parties of the first part had represented that said Edward Barrett had owned no interest in or to the property, and that the parties of the first part would agree to indemnify the parties of the second part for any loss arising out of any and all claims based upon respondent's judgment and any judgment lien thereunder. We find in the clerk's transcript a copy of a third party claim dated December 16, signed "Frozen Food Shop, a copartnership, by H. W. Roberts" and verified by him. It states that an execution was levied on the property December 16, that the property belongs to a copartnership consisting of H. W. Roberts, D. E. Roberts and N. D. Spencer, that their interest is that of absolute owner and that they purchased the same on or about the 27th day of August from Norman D. Twitchell and Edward Barrett, Jr., for a consideration of $10,000, and that the reasonable value thereof is $12,500. A hearing was had upon this third party claim in which the parties were represented by counsel, and documentary evidence above referred to was introduced in evidence, together with the testimony of the escrow officer of the bank. This testimony consisted of identification of the escrow papers and an explanation of what had been done therewith. Included in the documentary evidence were an affidavit of publication of the notice of sale signed by Barrett, Twitchell and Barrett, Jr., on August 8, and also a notice signed by the Messrs. Roberts, dated August 8, stating their intention to mortgage to Barrett, Jr., Twitchell and Barrett, the business known as "Frozen Food Shop, or Polar Food Shop," and that the transaction would be concluded August 20, through the above-named escrow. There was no evidence of the recording or publication of an intention to sell the property, other than the one heretofore mentioned signed by Barrett, Barrett, Jr. and Twitchell, nor was there proof of any notice of

intention to mortgage other than the one signed by the Messrs. Roberts and dated August 8. There was placed in evidence a purchase agreement dated March 18, 1946, with the Polar Food Shops, Inc., by E. J. Barrett, as seller, and Norman D. Twitchell and Edward J. Barrett, Jr., as purchasers, by the terms of which the purchasers agreed to pay $2,870 for four frozen-food cabinets, $574 in cash and the balance in monthly installments of $108. Upon the reverse of the agreement appears an assignment to Refrigeration Discount Corporation. It was stated by one of counsel, and not disputed, that the $5,000 note was discounted and paid off and the mortgage cancelled upon the payment by Messrs. Roberts of the sum of $2,500. This constituted all the evidence introduced at the hearing on the third party claim. It would appear, therefore, that the sale as noticed was not made through the escrow but that a sale was made and a chattel mortgage executed later, without further notice of intention to sell or to mortgage.

[3] Appellants could have prevailed either by proving that they purchased the property prior to the levy of execution, and after the statutory notice had been given, or by proving that the sellers, Twitchell and Barrett, Jr. were the owners and that Barrett, Sr. had no interest in the property at the time of the sale. They undertook to prove that the sale was made after due notice but failed in this effort. The notice became a nullity when the sale was not consummated at the time and place specified. Appellants' contention appears to be that respondent, having had the statutory notice of the intention to sell, had an opportunity to levy execution and lost his right by failing to do so before the sale was made. The statute may not be so construed. In order that title may pass, free from claims of the creditors of the seller, the sale must be made substantially as stated in the notice. The creditor is thus afforded an opportunity to present his claim for payment and, if payment is not arranged, to levy upon the money, when it passes to the seller, instead of upon the property. A sale made at another time or place and without a new notice is not made in substantial compliance with the statutory method and is not protected. The construction of the statute urged by appellants would largely destroy its efficacy and defeat its purpose to afford a method of collection without the necessity of legal action. It would also point out an effective method by which unscrupulous debtors could make secret dispositions of their

property in fraud of creditors who were relying upon the terms of the statutory notice. Appellants failed to prove compliance with the statute sufficient to establish a title protected against the claims of the creditors of the sellers. The sale was therefore void as to respondent, under section 3440, insofar as it involved the transfer of any interest of Barrett, Sr.

Appellants also failed to prove that Barrett, Sr. had no interest in the property. The only evidence upon that point was that he signed the notice of sale and that he had agreed to sell to Twitchell and Barrett, Jr. certain refrigeration equipment on a conditional sale contract in March, 1946. By his subsequent letter, however, he denied having an interest in the property, and it was shown that he had assigned his conditional sale contract to a finance company. Appellants, as we say, had the affirmative in any attempt to show that the judgment debtor had no interest in the property. Since there was no evidence whatever as to the extent of his possible interest at the time of the sale the order determined nothing on that point beyond the fact that appellants' proof failed to establish complete nonownership by Barrett, Sr. If, therefore, Barrett, Sr., had an interest in the property at the time it was sold to appellants, the fact that the sale was made does not preclude respondent from having recourse to appropriate legal process for the collection of his judgment from such interest. Norman D. Twitchell and Edward Barrett, Jr. were not parties to the proceeding and did not appear or take any part therein, and were not shown to have had notice of the hearing. It is clear that the question of title as between them and Barrett, Sr., or his judgment creditor, could not have been determined in the proceeding. Their rights are not affected in any manner by the order.

Appellants' principal argument is that where a partnership makes a sale, creditors of individual partners cannot take advantage of the failure to comply with section 3440, and that therefore the sale to the Roberts was valid without compliance with the section, since respondent is only a creditor of Barrett, Sr. Respondent answers that there was no evidence of the existence of a partnership between Barrett, Sr., Twitchell and Barrett, Jr., and this answer appears to be sufficient. There was no such evidence.

The order is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.