**BASIC TOOL INDUSTRIES, INC.,**
Appellant,

v.

**C. Douglas WIKLE, Trustee, Appellee.**

No. 17264.

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1961.

Rehearing Denied Jan. 23, 1962.

Leo S. Rich, Los Angeles, Cal., for appellant.

Quittner, Stutman & Treister, by George M. Treister, Los Angeles, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and SOLOMON, District Judge.

HAMLIN, Circuit Judge.

Basic Tool Industries, Inc., appellant herein, appeals to this court from an order of the United States District Court for the Southern District of California, Central Division, affirming an order of a referee in bankruptcy which determined that appellant's chattel mortgage was void as against the trustee in bankruptcy. This court has jurisdiction under the provisions of 11 U.S.C.A. § 47 and 28 U.S.C.A. § 1291.

The facts in the case are generally undisputed. On August 22, 1958, a petition in bankruptcy was filed against Jet Air-Age, Inc., hereinafter called the bankrupt. Prior to that time the bankrupt was engaged in the machine shop business in Gardena, California. Among the bankrupt's assets taken into possession by the trustee in bankruptcy were various items of machinery, equipment, fixtures, etc., which were the subject of and described in a chattel mortgage in favor of appellant.

During the period from February 19, 1958, to August 5, 1958, appellant made various loans to the bankrupt at the times and in the amounts set out in the margin.[1]

Certain of the referee's findings of fact and conclusions of law adopted by the district court were as follows:

"V.

"The advances made prior to March 28, 1958, as above referred to, were originally evidenced by demand notes executed by the bankrupt. The chattel mortgage transaction herein referred to was consummated by means of an escrow held at the office of Harold Easton, 416 West Eighth Street, Los Angeles, California. As part of the escrow transaction, the bankrupt's new note dated March 28, 1958, in the sum of $25,000.00, was substituted for its previous notes representing the advances of February 19, 1958, February 20, 1958, March 7, 1958, and March 14, 1958, which said advances also totaled $25,000.00. It was never the intention of the parties to have the chattel mortgage secure the advance of March 21, 1958. Except for said advance of March 21, 1958, it was the intention of the parties that said chattel mortgage was to secure all advances made by Basic Tool Industries, Inc. to the bankrupt, but not to exceed the maximum indebtedness as set forth in the said chattel mortgage.

| 1. Dates | Amounts |
|---|---|
| February 19, 1958 | $ 500.00 |
| February 20, 1958 | 500.00 |
| March 7, 1958 | 500.00 |
| March 14, 1958 | 23,500.00 |
| March 21, 1958 | 5,000.00 |
| March 28, 1958 | 5,000.00 |

| Dates | Amounts |
|---|---|
| March 28, 1958 | $ 5,000.00 |
| June 9, 1958 | 10,000.00 |
| June 12, 1958 | 4,700.00 |
| June 20, 1958 | 3,300.00 |
| August 5, 1958 | 3,000.00 |

## "VI.

"A notice of intended chattel mortgage, as required by Section 3440.1 [2] of the California Civil Code, was published and recorded within the times set forth in said section. Said notice recited that the mortgage would be delivered 'and the consideration therefor paid at 10:00 o'clock A.M., on the 28th day of March, 1958, at the office of Harold Easton at 416 West Eighth Street in the City of Los Angeles, County of Los Angeles, State of California.' As above found, with the exception of a total of $10,000.00 advanced to the bankrupt on March 28, 1958, all of the advances for which the chattel mortgage was security were made prior to and after March 28, 1958. The total of $10,000.00 advanced on March 28, 1958, was delivered over to the bankrupt at approximately 10:15 or 10:30 A.M. on March 28, 1958, and not at 10:00 A.M. as set forth in the notice.[3]

\*  \*  \*  \*  \*  \*

## "Conclusions of Law

## "I.

"The consideration of the chattel mortgage executed by the bankrupt in favor of Basic Tool Industries, Inc. was the advances or loans made by said Basic Tool Industries, Inc. over a period of time commencing February 19, 1958 and ending August 5, 1958. There was a failure, therefore, to comply with the notice

requirements of Section 3440.1 of the California Civil Code. Accordingly, said chattel mortgage is invalid as against creditors of the bankrupt whose claims arose prior to recordation of the said mortgage on March 28, 1958, under said Section 3440.1."

Section 70e of the Bankruptcy Act, 11 U.S.C.A. § 110e, provides in part:

"(1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor."

It was undisputed that there were a number of the bankrupt's creditors who had provable claims which arose before March 28, 1958, the date of the filing of the petition in bankruptcy. Furthermore, failure to comply with the "bulk sales" notice provisions of section 3440.1 of the California Civil Code [4] renders a chattel mortgage invalid against creditors of the mortgagor whose claims arose before recordation. Bumb v. United States, 276 F.2d 729 (9th Cir.1960); Mitchell v. Setzler, 84 Cal.App.2d 716, 191 P.2d 523 (1948). Cf. In re Sassard & Kimball, 45 F.2d 449 (9th Cir.), rev'd sub nom. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931). Thus, the referee, on the basis of his findings, concluded that the chattel mortgage was in-

---

2. The pertinent provisions of California Civil Code § 3440.1 are:

"\*  \*  \*  [T]he sale, transfer, assignment, or mortgage of the fixtures or store equipment of a  \*  \*  \*  machinist  \*  \*  \*  is conclusively presumed fraudulent and void as against existing creditors of the  \*  \*  \*  mortgagor, unless before the consummation of the  \*  \*  \*  mortgage,  \*  \*  \*  the mortgagor  \*  \*  \*  or mortgagee does all of the following:

"(a) Records at least ten days before the consummation of the  \*  \*  \*  mortgage  \*  \*  \*  a notice of the intended  \*  \*  \*  mortgage, which states the name and address of the intended  \*  \*  \*  mortgagor and the name and address of the intended  \*  \*  \*  mortgagee. The notice shall contain a general statement of the character of the merchandise or property intended to be sold, assigned, transferred, or mortgaged, and show the date and place where the purchase price or consideration is to be paid."

3. We do not base our decision on the claimed variance (from 10 a. m. to 10:15 a. m. or 10:30 a. m.) in time of delivery of the $10,000.

4. See note 2 supra.

valid as against the trustee in bankruptcy under the provisions of section 70e of the Bankruptcy Act, 11 U.S.C.A. § 110e.[5]

In holding the chattel mortgage in question invalid, the referee and the district court apparently relied upon the decision of this court in Bumb v. United States, supra. The facts in that case established that there was a note executed for $10,000.00 secured by a chattel mortgage. The notice of intended mortgage under section 3440.1 provided that the consideration for the mortgage would be paid on November 21, 1956. On that day only a portion—$5,850—of the consideration was paid. The balance was paid in two installments, $2,150 on December 28, 1956, and $2,000 on January 4, 1957. In holding that the chattel mortgage was invalid because there was a substantial deviation in the manner of payment of the consideration from the mode set forth in the notice of intended chattel mortgage, the court said:

"The object of the statute is: (1) to furnish creditors of the intended mortgagor the period of at least ten days within which to levy attachment or execution on the property to be mortgaged, and (2) to garnish or levy on the proceeds of the mortgage in the event provision is not made for the payment of the claims presented.

"Appellee contends that the payment of the consideration was substantially in accordance with the recorded notice. We cannot agree with such contention. The notice stated that the consideration for said chattel mortgage is to be paid on the 21st day of November, 1956. The undisputed fact is that only 58½ per cent of the consideration to be paid was paid on that date. 21½ per cent of the consideration was paid 37

days later by government warrant made payable jointly to the mortgagor and one of its creditors. 20 per cent of the consideration was paid 44 days late. Appellee argues that the recorded notice did not represent that the entire $10,000 would be paid on November 21, 1956, nor did it specify the kind or amount of consideration to be paid. It is undisputed that the consideration to be paid for the chattel mortgage was $10,000. The notice stated that the consideration would be paid on the 21st day of November, 1956. The only reasonable interpretation which can be placed on the notice is that the entire consideration to be paid would be paid in lawful money of the United States on November 21, 1956. If the consideration to be paid was to be paid in installments the notice should have so stated, and if the consideration was to be other than lawful money of the United States the notice should likewise have so stated." [6]

The facts in the instant case are strikingly similar to those in the Bumb case. Here the chattel mortgage provided that it was security for a promissory note of $25,000 and future advances of up to $50,000. The notice of intended mortgage stated that the consideration would be paid on March 28, 1958. However, in fact the $25,000 was not transferred on the specified date. The bankrupt did not receive $25,000 in cash on that day; rather, it received only $10,000 in cash and the return of four unsecured notes totaling $25,000. Thus, the consideration was not paid in the manner and mode set out in the notice of intended chattel mortgage.

Appellant further contends that the chattel mortgage was valid as to the $10,000 transferred to the bankrupt on

---

5. The referee also concluded that the chattel mortgage was invalid under § 70c of the Bankruptcy Act, 11 U.S.C.A. § 110c; however, the appellee does not urge affirmance of this conclusion in view of the Supreme Court's recent decision in

Lewis v. Manufacturers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L. Ed.2d 323 (1961).

6. 276 F.2d at 734–735.

the date specified for the transfer of the consideration of the mortgage in the notice of intended chattel mortgage. This contention is also disposed of by the Bumb case. In Bumb 58½% of the $10,000 consideration was transferred in accordance with the notice of intended chattel mortgage; yet the mortgage was held wholly void rather than valid as to $5,850. Similarly in this case we hold the mortgage wholly void rather than valid as to the $10,000.

The purpose of section 3440.1 is to protect creditors. Bumb v. United States, supra; Jeffery v. Volberg, 159 Cal.App.2d 815, 324 P.2d 964 (1958). In accordance with the holding in Bumb v. United States, supra, we hold that there was not a proper compliance with the provisions of section 3440.1.

The judgment of the district court is affirmed.